UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Aplix IP Holdings Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Sony Computer Entertainment, Inc. and Sony Computer Entertainment America, LLC,<br><br>Defendants. | Civil Action No. 1:14-cv-12745<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Aplix IP Holdings Corporation ("Aplix"), for its complaint against defendants Sony Computer Entertainment, Inc. ("SCE") and Sony Computer Entertainment America, LLC ("SCEA"), collectively "Defendants," states and alleges as follows:

## INTRODUCTION

1.  This case concerns patented technology covering game devices such as the hand-held Sony PlayStation Vita gaming console and Sony PlayStation 4 game controller. In 2003, inventors Beth Marcus and David Lee, both Massachusetts residents, developed interactive-design technology for improving data entry, control, and game-play on hand-held devices. Marcus and Lee deployed configurable input systems and elements on multiple surfaces of a hand-held device, taking advantage of the biomechanics of the human hand and leveraging the benefits associated with thumb-

finger opposition.  Marcus and Lee applied for patents on their inventions, and, after a thorough review, the United States Patent & Trademark Office awarded them several patents.  These patents were assigned to Marcus' Boston-area start-up company, Zeemote, Inc., which sought to commercialize the technology.  Aplix acquired Zeemote's assets, including the patents, and now asks this Court to find that the Defendants are infringing the patents with the PlayStation Vita hand-held console and PlayStation 4 game controller.

## PARTIES, JURISDICTION, AND VENUE

2. Aplix is a Japanese corporation with its principal place of business in Tokyo, Japan.

3. SCE is a Japanese corporation with its principal place of business in Tokyo, Japan.

4. SCEA is a Delaware limited liability company with its principal place of business in San Mateo, California.

5. This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants pursuant to Massachusetts's long-arm statute, Mass. Gen. Laws ch. 223A, § 3.  On information and belief, Defendants have, directly and/or indirectly through their agents and intermediaries, advertised (including through web sites), offered to sell, sold, and/or

distributed in Massachusetts products that infringe Aplix's patents. Given Defendants' substantial and sustained contacts with the state, and their purposeful availment of the state's benefits and protections, the Court's exercise of personal jurisdiction over Defendants in this lawsuit satisfies due-process requirements.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 USC § 1400(b) because Defendants have committed, and continue to commit, acts of infringement in the district.

## FACTUAL BACKGROUND

8. In the Spring of 2003, Massachusetts residents Beth Marcus and David Lee developed ideas for improving how people interact with hand-held devices. Marcus and Lee, both graduates of the Massachusetts Institute of Technology, applied for a patent in October of that same year.

9. In the spring of 2005, Marcus, with three others residing in the Boston area, founded Zietoo, Inc., and later changed the company name to Zeetoo, Inc. and then to Zeemote, Inc. ("Zeemote"), to continue research and development of products based on Marcus' and Lee's inventions. Zeemote developed and sold a hand-held electronic game controller that communicated with a user's mobile phone via Bluetooth technology.

10. On May 15, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,218,313 ("the '313 patent"), titled "Human Interface System."

11. On December 9, 2008, the USPTO duly and legally issued United States Patent No. 7,463,245 (the "'245 patent"), also titled "Human Interface System."

12. On February 23, 2010, the USPTO duly and legally issued United States Patent No. 7,667,692 (the "'692 patent"), also titled "Human Interface System."

13. In late 2009, Aplix, a Japanese operating company that sells a variety of products, purchased Zeemote's assets and patent portfolio, which included the '313, '245, and '692 patents. Aplix owns all right, title and interest in the '313, '245, and '692 patents.

14. In 2012, Defendants SCE and SCEA released the PlayStation Vita ("PS Vita"), a hand-held electronic game console, in the United States.

15. In 2013, Defendants SCE and SCEA released the PlayStation 4 ("PS4"), a video game system including a hand-held controller, in the United States.

16. SCE and SCEA are members of the Sony group of companies and work in concert to promote and sell the PS Vita and PS4 controller in the United States.

## COUNT I — INFRINGEMENT OF THE '313 PATENT

17. Aplix incorporates and realleges by reference paragraphs 1 through 16 as if fully set forth here.

18. Defendants have had actual knowledge of the '313 patent since at least August 29, 2013.

19. Defendants have directly infringed, and continue to directly infringe, one or more of the '313 patent's claims by offering to sell and selling the PS Vita in the United States, and by importing the PS Vita into the United States.

20. Because of Defendants' infringement of the '313 patent, Aplix is entitled to a reasonable royalty in an amount to be established at trial.

21. At least since August 29, 2013, Defendants' infringement of the '313 patent has been willful.

## COUNT II — INFRINGEMENT OF THE '245 PATENT

22. Aplix incorporates and realleges by reference paragraphs 1 through 16 as if fully set forth here.

23. Defendants have had actual knowledge of the '245 patent since at least August 29, 2013.

24. Defendants have directly infringed, and continue to directly infringe, one or more of the '245 patent's claims by offering to sell and selling the PS Vita and PS4 controller in the United States, and by importing the PS Vita and PS4 controller into the United States.

25. Because of Defendants' infringement of the '245 patent, Aplix is entitled to a reasonable royalty in an amount to be established at trial.

26. At least since August 29, 2013, Defendants' infringement of the '245 patent has been willful.

## **COUNT III — INFRINGEMENT OF THE '692 PATENT**

27. Aplix incorporates and realleges by reference paragraphs 1 through 16 as if fully set forth here.

28. Defendants have had actual knowledge of the '692 patent since at least August 29, 2013.

29. Defendants have directly infringed, and continue to directly infringe, one or more of the '692 patent's claims by offering to sell and selling the PS Vita in the United States, and by importing the PS Vita into the United States.

30. Because of Defendants' infringement of the '692 patent, Aplix is entitled to a reasonable royalty in an amount to be established at trial.

31. At least since August 29, 2013, Defendants' infringement of the '692 patent has been willful.

WHEREFORE, Aplix prays for the following judgment and relief:

a. A judgment for Aplix and against Defendants;

b. A judgment that Defendants have infringed the '313, '245, and '692 patents;

c. An order that Defendants account for and pay to Aplix all damages that are available under 35 U.S.C. § 284, including treble damages for willful infringement;

d. An order compelling Defendants to make an accounting of their sales, profits, royalties, and damages owed to Aplix, including a post-judgment

      equitable accounting of damages for the period of infringement of the '313, '245, and '692 patents following the period of damages established by Aplix at trial;

e.    An order compelling Defendants to pay to Aplix pre-judgment and post-judgment interest;

f.    An award to Aplix of its costs, fees, and expenses in this action;

g.    A permanent injunction prohibiting Defendants from continuing to infringe the '313, '245, and '692 patents; and

h.    Any other relief that the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Aplix demands a jury trial on all issues so triable.

04088/05001 2128151.1

Dated:   June 27, 2014					Respectfully submitted,

APLIX IP HOLDINGS CORPORATION

By its attorneys,


 /s/ Brandon T. Scruggs
Lisa M. Tittemore (BBO # 567941)
Brandon Scruggs (BBO # 672541)
SUNSTEIN KANN MURPHY & TIMBERS LLP
125 Summer Street
Boston, MA  02110-1618
Telephone:   (617) 443-9292
Facsimile:   (617) 443-0004
E-mail:   ltittemore@sunsteinlaw.com
          bscruggs@sunsteinlaw.com


OF COUNSEL:

Robert J. Gilbertson
Sybil L. Dunlop
X. Kevin Zhao
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN  55402
Telephone:   (612) 373-0830
Facsimile:   (612) 373-0929
E-mail:   BGilbertson@GreeneEspel.com
          SDunlop@GreeneEspel.com
          KZhao@GreeneEspel.com

Sherman W. Kahn
MAURIEL KAPOUYTIAN WOODS LLP
27 W. 24th Street, Third Floor
New York, NY  10010
Telephone:   (212) 524-9309
Facsimile:   (212) 529-5132
E-mail:   skahn@mkwllp.com

8