```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

APLIX IP HOLDINGS             )
CORPORATION,                  )
     Plaintiff,               )
                              )
          v.                  )    Civ. No. 14-cv-12745-MLW
                              )
SONY COMPUTER ENTERTAINMENT,  )
INC.                          )
and
SONY COMPUTER ENTERTAINMENT
AMERICA LLC,
     Defendants.
```

                      MEMORANDUM AND ORDER

WOLF, D.J.                                    September 28, 2015

On June 27, 2014, Aplix IP Holdings Corporation ("Aplix") filed a complaint against Sony Computer Entertainment, Inc. ("SCE") and Sony Computer Entertainment America, LLC ("SCEA") (collectively, "Sony"), alleging infringement of three patents. On October 16, 2014, SCE and SCEA answered in separate filings. Each asserted, among other affirmative defenses, non-infringement and invalidity of the three patents. Additionally, SCEA counterclaimed to seek declaratory judgments of non-infringement and invalidity of those patents. On October 30, 2014, Aplix filed an amended complaint asserting infringement of two additional patents. On December 31, 2014, SCE and SCEA updated their answers and counterclaims to include the two additional patents.

On January 15, 2015, Sony moved to stay this action pending a review by the United States Patent and Trademark Office ("PTO") of the validity of the five patents at issue in this litigation ("inter partes review"). Sony argued that staying the case pending inter partes review would simplify or moot this litigation, saving the court and parties time and resources. Aplix opposed the motion, arguing that it was premature. Aplix noted that Sony had not yet requested review of the two patents added by the October 30, 2014 amended complaint, and that the PTO had not yet granted inter partes review of any of the disputed patents. Sony's March 31, 2015 reply stated that it had requested review of all five patents. In a series of filings dated between May 22, 2015 and July 29, 2015, Sony notified the court that the PTO has granted inter partes review of each of the five disputed patents.

For the following reasons, the court finds that a stay of this litigation pending inter partes review is appropriate. Therefore, Sony's motion to stay is being allowed.

I. STANDARDS

Congress recently created the inter partes review process through the America Invents Act of 2011. 35 U.S.C. §§311-319. The Act provides that "a person who is not the owner of a patent may file with the [PTO] a petition to institute an inter partes review of the patent." Id. at §311(a). The PTO may grant an inter

partes review only if "there is a reasonable likelihood that the petitioner would prevail with respect to at least one of the claims challenged in the petition." Id. at §314(a). The PTO must generally reach a decision within one year of the granting of a petition for inter partes review. Id. at §316(a)(11).

Inter partes review is barred if a petitioner has filed a civil action challenging the validity of a patent. Id. at §315(a)(1). However, "[a] counterclaim challenging the validity of a claim of a patent does not constitute a civil action challenging the validity of a claim of a patent for purposes of this subsection." Id. at §315(a)(3). If a petitioner "files a civil action challenging the validity of a claim of the patent" on or after the date of the application for inter partes review, "that civil action shall be stayed automatically" until certain motions are filed. Id. at §315(a)(2). The statute does not address the staying of civil actions initiated by a patent owner when defendant has sought inter partes review.

A district court has the inherent power to manage its docket by staying proceedings. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 848-49 (Fed. Cir. 2008) ("[D]istrict courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings[.]"); Marquis v. FDIC, 965 F.2d 1148, 1154

(1st Cir. 1992) ("It is beyond cavil that, absent a statute or rule to the contrary, federal district courts possess the inherent power to stay pending litigation[.]").  This inherent power includes the power "to stay an action pending the resolution of a related matter in the PTO."  In re SDI Technologies, Inc., 456 Fed. App'x 909, 911 (Fed. Cir. 2012); In re Columbia University Patent Litigation, 330 F. Supp. 2d 12, 15 (2004).

Although neither the First Circuit nor the Federal Circuit has spoken to this question in further detail, the district courts have consistently considered three factors to guide their discretion in deciding a motion to stay:

> (1) the stage of the litigation, including whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party.

ACQIS, LLC v. EMC Corp., -- F. Supp. 3d --, 2015 WL 3617106, at *2 (D. Mass. June 10, 2015); see also SCVNGR, Inc. v. eCharge Licensing, LLC, No. 13-cv-12418-DJC, 2014 WL 4804738, at *8 (D. Mass. Sept. 25, 2014); PersonalWeb Technologies, LLC v. Apple Inc., 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014); Freeny v. Apple Inc., No. 2:13-CV-00361-WCB, 2014 WL 3611948, at *2 (E.D. Tex. July 22, 2014).

II.  ANALYSIS

All three factors weigh in favor of granting a stay pending the resolution of the inter partes review process.

This litigation is in its early stages. Aplix filed its amended complaint approximately eleven months ago. Sony has answered and counterclaimed. However, discovery has not occurred and the court has not set a trial date. Courts have frequently granted motions to stay pending inter partes review at similar or more advanced stages of litigation. See, e.g., ACQIS, 2015 WL 3617106, at *3 (granting stay pending inter partes review where "discovery [wa]s not yet complete, and a trial date ha[d] not been set"); SCVNGR, 2014 WL 4804738, at *9 (stage-of-case factor weighed in favor of stay where "Court ha[d] not set a schedule for discovery or claim construction, never mind trial"); Evolutionary Intelligence, LLC v. Apple, Inc., No. 13-cv-04201-WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014) (granting stay where "substantial portions of discovery on the merits of this action ha[d] yet to occur"); e-Watch, Inc v. ACTi Corp., No. SA-12-695, 2013 WL 6334372 (W.D. Tex. Aug. 9, 2013) (granting stay pending inter partes review thirteen months after filing of complaint).

This case has progressed far less than cases where courts have declined to issue a stay. See SurfCast, Inc. v. Microsoft Corp., 6 F. Supp. 3d 136, 142-43 (D. Me. 2014) (denying stay when

"case ha[d] been underway for over a year and fact discovery [wa]s complete"); <u>Verinata Health, Inc. v. Ariosa Diagnostics, Inc.</u>, No. 12-cv-05501-SI, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014) (denying stay where "trial date has been set . . . and discovery is well underway with the parties having exchanged initial disclosures, infringement and invalidity contentions, and some document productions").

A stay is likely to simplify the issues in this litigation. The PTO has granted <u>inter partes</u> review on all five patents at issue in this litigation. See <u>ACQIS</u>, 2015 WL 3617106, at *4 (granting stay even where "only 2 of the 11 patents-in-suit . . . are under review"). If the PTO finds all five patents invalid, the <u>inter partes</u> review would "simplify the case by rendering all of [Aplix]'s claims for infringement moot." <u>Evolutionary Intelligence</u>, 2014 WL 261837, at *2. If the PTO finds at least one patent valid, the issues in this case will be simplified because Sony will be "estopped from raising the same invalidity contentions" before this court. <u>Crossroads Sys., Inc. v. Dot Hill Sys. Corp.</u>, No. A-13-CA-1025-SS, 2015 WL 3773014, at *3 (W.D. Tex. June 16, 2015); <u>see also</u> 35 U.S.C. §315(e)(2).

A stay will not unduly prejudice the nonmoving party. Aplix argues that it has "an interest in the timely enforcement of its patent right" and warns that "further delay threatens to cause

6

this litigation to drag on for years." Opp. to Mot. to Stay, Docket No. 33, at 10-11. However, "potential for delay does not, by itself, establish undue prejudice." SCVNGR, 2014 WL 4804738, at *9; see also Crossroads Sys., 2015 WL 3773014, at *2 ("mere delay in collecting damages does not constitute undue prejudice"). While the court must be vigilant and deny dilatory motions for a stay, Sony sought inter partes review while this litigation was in its early stages, and the PTO found the applications sufficiently meritorious to grant review for all five patents. Moreover, if some of the patents in dispute are found to be invalid by the PTO, the narrowed case may proceed more quickly. Therefore, inter partes review has the potential to expedite the resolution of this case.

Where the litigants are direct competitors, "[c]ourts are hesitant to grant a stay." SCVNGR, 2014 WL 4804738, at *9. The risk of prejudice is greater, for example, when the parties are competing for market share or weighing whether to bring a product to market. However, Aplix has not argued that it practices these patents or sells products that compete with the allegedly infringing Sony products. See Reply in Support of Mot. to Stay, Docket No. 36, at 7. Aplix has not sought a preliminary injunction, further "undermining its claim of undue prejudice." ACQIS, 2015 WL 3617106, at *5. Aplix does seek a permanent

7

injunction, as well as monetary damages. It will still be able to seek such an injunction, as well as monetary damages with prejudgment interest, for any claims that survive <u>inter partes</u> review.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Defendant's Motion to Stay (Docket No. 30) is ALLOWED and this case is STAYED.

2. Within thirty days of the PTO issuing its final decisions regarding the five disputed patents, the parties shall confer and file a joint status report informing the court of: (a) the PTO's decisions; and (b) whether any <u>inter partes</u> review decision will be appealed to the Federal Circuit.

3. Unless otherwise ordered, the stay will continue through the conclusion of any appellate proceedings or the expiration of the parties' rights to appeal.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE